### 37230. CLYDE *v.* THE STATE.

Townsend, Judge. 1. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall

not be avoided unless from necessity." Code § 110-105.

2. Where the intendment is obvious, the misspelling of a word is insufficient reason for voiding a verdict. *Lott* v. *State*, 19 *Ga. App.* 450 (91 S. E. 877).

3. The language of the verdict "to not less than five years nor more than ten years" is a substantial compliance with Code (Ann.) § 27-2502 which requires the jury to prescribe a maximum and minimum term of punishment, following which the judge in imposing the sentence shall commit the convicted person to the penitentiary in accordance with the verdict. *Randolph* v. *State*, 75 *Ga. App.* 253 (3) (43 S. E. 2d 101).

4. Applying the foregoing rules of law to the facts of this case wherein the defendant was convicted under a murder indictment, the verdict being as follows: "We the jury find the defendant guilty of Voluntary Man Slaughter [sic] to not less than five years not more than 10 years," and at a subsequent term of court within three years from the date of this verdict the defendant filed a motion to set it aside on the ground that it was a nullity, which motion was denied by the trial court, this verdict is not subject to the attacks made against it.

The trial court did not err in denying the motion to set aside the verdict.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 16, 1958.

*P. C. King, Jr.,* for plaintiff in error.
*R. A. Patterson, Solicitor-General, Jesse G. Bowles,* contra.